# 21-1336

## United States Court of Appeals for the Second Circuit

UNITED STATES OF AMERICA, Plaintiff-Appellee,

v.

FELIX FIGUEROA, Defendant – Appellant.

On Appeal From The United States District Court
for the Western District of New York

**BRIEF OF DEFENDANT-APPELLANT FELIX FIGUEROA**

FELIX FIGUEROA
Reg. No. 12053-055
FCI McKean
P.O. Box 8000
Bradford, Pennsylvania    16701

Defendant-Appellant

*Pro se*

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES PRESENTED
   FOR REVIEW . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . 10

     The District Court Abused its Discretion In
     Determining that Figueroa Was a Medium
     Security Inmate and That He Sought a
     Court Order Designating Him to Home
     Confinement

              . . . . . . . . . . . . . 13

     The District Court erred by not weighing the
     § 3553(a) factors against the conditions
     sought in the remedy

              . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

*Table of Cases*

*Pepper v. United States*, 562 U.S. 476 (2011) . . . . . . . . . . 15

*United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021) . . . . . . . . . . 12

*United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) . . . . . . . . . . 12

*United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) . . . . . . . . . . 12

*United States* v. *Bryson*, 229 F.3d 425 (2d Cir., 2000) . . . . . . . . . . 15

*United States v. Burnside*, Case No. 18-CR-2068, 2020 U.S. Dist. LEXIS 112708 (N.D. Iowa June 18, 2020) . . . . . . . . . . 20

*United States v. Campagna*, Case No. 16cr78-01 (S.D.N.Y. Mar. 27, 2020), 2020 U.S. Dist. LEXIS 54401 . . . . . . . . . . 21

*United States v. Gardner*, Case No. 14-CR-20735-001 (E.D. Mich. July 22, 2020), 2020 U.S. Dist. LEXIS 129160 . . . . . . . . . . 19

*United States v. Giddens*, Case No. 20-3270 (2d Cir. Nov. 12, 2021), 2021 U.S. App. LEXIS 33590 . . . . . . . . . . 18

TABLE OF AUTHORITIES (continued)

*United States v. Gunn*, 980 F.3d 1178 (7th Cir. . . . . . . . . . . 12
    2020)

*United States v. Hoover*, Case No. 5:16-cr-58
    (D.Vt. May 18, 2020), 2020 U.S. Dist.
    LEXIS 126763 . . . . . . . . . . 19-20

*United States v. Jones*, Case No. 20-3698-cr
    (2d Cir. Nov. 16, 2021) . . . . . . . . . . 18

*United States v. Jones*, 980 F.3d 1098 (6th Cir. . . . . . . . . . . 12
    2020)

*United States v. Maumau*, 993 F.3d 821 (10th . . . . . . . . . . 12
    Cir., 2021)
    (5th Cir. 2019).

*United States v. McCoy*, 981 F.3d 271 (4th Cir. . . . . . . . . . . 12
    2020)

*United States v. McMannus*, 496 F.3d 846 . . . . . . . . . . 12
    (8th Cir. 2007)

*United States v. Perez-Asencio,* Case No.
    18-CR-3611 (S.D. Cal. Feb. 14, 2019)
    2019 U.S. Dist. LEXIS 24430,
    2019 WL 626175 . . . . . . . . . . 16

*United States v. Pomante*, Case No. 19-20316
    (E.D. Mich. May 15, 2020), 2020 U.S.
    Dist. LEXIS 85626 . . . . . . . . . . 20

iii

TABLE OF AUTHORITIES (continued)

*United States v. Robinson*, 848 Fed.Appx 477
    (2d Cir. 2021) . . . . . . . . . . 18-19

*United States v. Ruvalcaba*, Case No. 21-1064
    (1st Cir. Feb. 15, 2022), . . . . . . . . . . 12

*United States v. Saladino*, Case No. 20-1563,
    (2d Cir. Aug. 4, 2021), 2021 U.S. App.
    LEXIS 23027 . . . . . . . . . . 9

*United States v. Sawicz*, Case No. 08-cr-287
    (E.D.N.Y. Apr. 10, 2020), 2020 U.S. Dist.
    LEXIS 64418 . . . . . . . . . . 19

*United States v. Shkambi*, 993 F.3d 388 (5th Cir. . . . . . . . . . . 12
    2021)

*United States v. Sledge*, 851 Fed.Appx 265
    (2d Cir. 2021) . . . . . . . . . . 17

*United States v. Seggebruch*, Case No.
    15-cr-20034 (C.D. Ill. May 15, 2020),
    2020 U.S. Dist. LEXIS 90781 . . . . . . . . . . 22

*United States v. Somerville*, Case No.
    2:12-CR-225-NR (W.D. Pa. May 29, 2020),
    2020 U.S. Dist. LEXIS 93935 . . . . . . . . . . 21-22

*United States v. Springer*, Case No. 20-5000
    (10th Cir. July 15, 2020), 2020 U.S. App.
    LEXIS 21947 . . . . . . . . . . 21

iv

TABLE OF AUTHORITIES (continued)

*United States v. White*, Case No.
　　2:17-cr-00198-4 (S.D.W.Va. June 12,
　　2020), 2020 U.S. Dist. LEXIS 103974 . . . . . . . . . . 20-21

*United States v. Young*, Case No. CR19-5055
　　(W.D. Wash. May 22, 2020), 2020 U.S.
　　Dist. LEXIS 90537 . . . . . . . . . . 21

*Warren v. Pataki*, 823 F.3d 125 (2d Cir. 2016) . . . . . . . . . . 9


*Table of Statutes, Rules, and
Constitutional Provisions*

U.S. Const., Art. III, § 2 . . . . . . . . . . . . . . . . . . . . . . . . 2
Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . 2
*F.R.Crim.P.* 11(c)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . 5
*F.R.Crim.P.* 18 . . . . . . . . . . . . . . . . . . . . . . . . 3
*F.R.App.P.* 4(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . 4
*First Step Act of 2018*, Pub. L.
　　No. 115-391, 132 Stat. 5194
　　(Dec. 21, 2018) . . . . . . . . . . . . . . . . . . . . . . . . 9, 10-11
*U.S.S.G.* §1B1.13 (p.s.) . . . . . . . . . . . . . . . . . . . . . . . . 11, 12
18 U.S.C. § 3142 . . . . . . . . . . . . . . . . . . . . . . . . 11
18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . 1
18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . *passim*
18 U.S.C. § 3553(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . 14
18 U.S.C. § 3553(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . 14, 15
18 U.S.C. § 3553(a)(2)(B-D) . . . . . . . . . . . . . . . . . . . . . . . . 15

TABLE OF STATUTES (continued)

18 U.S.C. § 3553(a)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 3582(c)(1)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 3582(c)(2) . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 3583(e) . . . . . . . . . . . . . . . . . . . . . . . 8

21 U.S.C. § 841(a) . . . . . . . . . . . . . . . . . . . . . . . 4

21 U.S.C. § 841(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 112(b) . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . 1


*Other Authorities*

Bureau of Prisons P.S. 5100.08, . . . . . . . . . . . . . . . . . . . . . . . 14
    *Inmate Security Designation*
    *and Custody Classification*
    (Sept. 12, 2006)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

    -against-

FELIX FIGUEROA,

          Defendant.

Case No. 21-1336

## JURISDICTIONAL STATEMENT

This appeal is taken from a decision of the United States District Court for the Western District of New York denying Defendant-Appellant Felix Figueroa's *Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i)*, ECF 42, filed in Case No. 19-CR-6159-FPG ("*Motion for Reduction*"). The denial was set out in a *Decision and Order,* ECF 49, May 5, 2021.

The district court from which this appeal is taken had jurisdiction over the underlying criminal action pursuant to 18 U.S.C. § 3231 and had jurisdiction over the *Motion for Reduction* pursuant to the aforesaid statute and 18 U.S.C. § 3582(c)(1)(A).

The offenses which underlay the criminal action were alleged to have occurred within the geographical boundaries of the Western District of New York. 28 U.S.C. § 112(d). Venue was proper in said District pursuant to U.S. Const., Art. III, § 2, U.S. Const., the Sixth Amendment, and *F.R.Crim.P.* 18.

This Court has subject matter jurisdiction over this appeal pursuant to 28 U.S.C § 1291.

This appeal is timely under *F.R.App.P.* 4(b)(4), because the final order in this matter was entered May 5, 2021, denying Figueroa 's *Motion for Reduction*. Figueroa transmitted his *Notice of Appeal* on May 19, 2021. Dkt. 50.

This judgment appealed is final within the meaning of 28 U.S.C. § 1291 because it disposed of all of Figueroa's claims in his *Motion for Reduction.*

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Figueroa raises two issues for review, those being

Did the District Court abuse its discretion in determining that Figueroa was a medium-security inmate and that he sought a court order designating him to home confinement?

Did the District Court err by not weighing the § 3553(a) factors against the conditions sought in the remedy?

## STATEMENT OF THE CASE

1.      Defendant-Appellant Felix Figueroa was convicted in the United States District Court for the Western District of New York on an Information charging him with possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B). He was sentenced to 96 months of incarceration. *Judgment in a Criminal Case,* ECF 37.

2.      On March 11, 2021, Figueroa moved in the District Court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The District Court denied his *Motion for Reduction* on May 5, 2021, and Figueroa now appeals.

## STATEMENT OF FACTS

3.      On January 29, 2018, Rochester police officers and ATF agents arrested Figueroa at his home after investigating his sales of cocaine, heroin and fentanyl. Figueroa admitted to being responsible for 259.78 grams of cocaine, 55.3 grams of heroin, and 94.6 grams of fentanyl, all of which converted to an equivalent weight 343.76 kilograms of marijuana (including conversion of $2,108 in cash). He

entered a plea of guilty, agreeing in a Rule 11(c)(1)(C) plea agreement to a 96-month sentence. *Motion, supra* at pp. 2-3.

    4.    Figueroa filed the *Motion for Reduction* to seek a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that his wife, Lissette Correa Figueroa, the mother of their children, being effectively an invalid, and that both she and the children thus required him at home to serve as caretaker. He argued that his rehabilitation while in prison and record of conduct suggests that the sentencing factors of 18 U.S.C. § 3553(a) will not be disserved by resentencing him to time served, with the addition of the protective condition that he serve what would be the remainder of his sentenced term and supervised release monitored by the U.S. Probation Office on home confinement.

    5.    Figueroa explained that he was in a low-security institution, and had been reclassified as a minimum-security inmate with "out" custody, meaning that he would be trusted to be housed and work outside of any fenced or walled perimeter. He noted that he had completed ESL classes and was about to take his tests to obtain his

GED, two achievements consisted with the goals the Court at sentencing recommended he pursue while in prison. *Motion* at p.3.

6.      Figueroa explained that his wife, Lissette Correa (now known as Lissette Correa Figueroa) and he had five children. His wife is totally disabled, and relies on disability payments and government assistance for support. They were losing their rental home of seven years through no fault of their own, and his wife – already struggling with a host of physical and mental ailments – was told by her physicians that she needed extensive knee and shoulder surgery. There was no one to care for the children and his wife during the lengthy time for convalescence between surgeries, a period extending over 15 months.

7.      Ms. Correa also faced possible hospitalization if her current conditions persisted.  She has been threatened with having the children taken, because her mental challenges, and the added burden of total physical disability for an extended period of time would risk the children losing their home and Ms. Correa having no one to care for her.

8.      In its *Decision and Order,* the District Court held that despite his record since conviction, Figueroa had not shown justified a

sentence reduction. The District Court did not dispute Figueroa's detailed description of his wife's and children's situation, even noting that Figueroa had supported his description of conditions with declarations from his wife as well as himself. But the District Court stopped short of declaring the situation "extraordinary and compelling" within the meaning of the statute. Instead the Court said that while it was "sympathetic to Defendant's family's situation, even if it is considered extraordinary and compelling, Defendant still has not provided reasons for his release that outweigh the factors that supported and continue to support Defendant's original sentence." As for the § 3553(a) factors, the District Court said

> While Defendant's progress in prison and care for his family is admirable, the fact remains that Defendant pled guilty to very a serious charge: possession of fentanyl with the intent to distribute. As the Court noted at sentencing, fentanyl's deleterious impact to the community has been widely documented. Moreover, Defendant has a significant criminal record and, at the time of the offense, Defendant was on parole supervision for a weapons offense.
>
> Finally, although Defendant indicates that he has completed 45% of his sentence, the reality is that Defendant still has over three years remaining on his sentence. A reduction of Defendant's sentence in these circumstances would undermine the need for his sentence "to reflect the

seriousness of the offense, to promote respect for the law, . . .
to provide just punishment for the offense," "to afford
adequate deterrence to criminal conduct," and "to avoid
unwarranted sentence disparities among defendants with
similar records who have been found guilty of similar
conduct."

*Decision and Order, supra* at p.5.

9.     Although Figueroa's *Motion* focused on the District Court's
granting the motion with two significant conditions – extension of the
period of supervised release for the same amount of time as was being
taken from incarceration and imposing a strict home confinement
condition on that extended supervised release – the District Court did
not address those issues. The District Court did explain that it lacked
the authority to order the Federal Bureau of Prisons to place Figueroa
on home confinement. *Id.* at p.6, fn.3.  However, Figueroa never asked
the District Court to order the BOP to do so.

## SUMMARY OF ARGUMENT

10.    A district court may be entitled to its own opinion, but it is not entitled to its own facts. In this case, the District Court relied on one significant erroneous fact and a misunderstanding of the relief sought by Figueroa. It also committed an error of law, failing to measure the relief sought by Figueroa against the standard set by the statute.

## STANDARD OF REVIEW

11.    A district court's decision whether to reduce a sentence pursuant to the *First Step Act of 2018*, *First Step Act* (Pub.L. No. 115-391), § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018), is generally reviewed for an abuse of discretion. *United States v. Saladino*, Case No. 20-1563, (2d Cir. Aug. 4, 2021), 2021 U.S. App. LEXIS 23027, at *4-5. A district court has abused its discretion 'if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016).

# ARGUMENT

12.     The statute applicable to this appeal is 18 U.S.C. §

3582(c)(1)(A). As amended by § 603(b) of the *First Step Act, supra,*

subsection (c)(1)(A)(i) of Title 18 now provides that

> The court may not modify a term of imprisonment once it has been imposed except that —
>
> in any case —
>
> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> > extraordinary and compelling reasons warrant such a reduction; or
> >
> > the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the

> defendant is not a danger to the safety of
> any other person or the community, as
> provided under section 3142(g);

and that such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission.

13.    Well prior to passage of the *First Step Act, supra*, the United

States Sentencing Commission adopted a policy statement to guide a

district court's discretion in determining when "extraordinary and

compelling reasons" exist to grant a reduction in sentence. That policy

statement, U.S.S.G. § 1B1.13 (p.s.), recites 18 U.S.C. § 3582(c)(1)(A),

and then describes in Application Notes what may constitute

extraordinary and compelling circumstances, directs that a district

court apply an analysis based on 18 U.S.C. § 3142(g) of whether the

movant constitutes a danger to the public, limits consideration of the

rehabilitation of the defendant, and states, in Application Note 4:A

reduction under this policy statement may be granted only upon motion

by the Director of the Bureau of Prisons pursuant to 18 U.S.C. §

3582(c)(1)(A). The Commission encourages the Director of the Bureau of

Prisons to file such a motion if the defendant meets any of the

circumstances set forth in Application Note 1. The court is in a unique

position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

14.    A number of other Circuits, led by this one, have held that U.S.S.G. §1B1.13 does *not* bind a district court where the prisoner himself has brought the § 3582(c)(1)(A)(i) motion rather than the Director of the Bureau of Prisons.[1]

---

[1]    *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *see also United States v. Ruvalcaba*, Case No. 21-1064 (1st Cir. Feb. 15, 2022); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 2107 (6th Cir., 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021), and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). The lone holdout is *United States v. Bryant*, 996 F.3d 1243, 1265 (11th Cir., 2021), which held that §1B1.13 bind *all* § 3582(c)(1)(A)(i) motions.

**I.    The District Court Abused its
       Discretion In Determining that
       Figueroa Was a Medium Security
       Inmate and That He Sought a Court
       Order Designating Him to Home
       Confinement**

15.    In his *Motion,* Figueroa provided a custody classification

form issued by the BOP that showed his security level to be minimum

and explained he "began service of [his] sentence as a low-security

inmate in a facility behind a double fence. [Figueroa's] good conduct and

program performance have resulted in [his] security and custody levels

being reduced to minimum security with "out" custody, meaning that

[he is] trusted to be housed and work outside of any fenced or walled

perimeter."  He reported that he was currently quarantining after

arriving at the FCI McKean minimum-security camp.

16.    The Government did not quarrel with this statement of fact,

as indeed it could not. Nevertheless, the District Court found that

Figueroa "is currently incarcerated at FCI McKean, a medium-security

federal correctional institution in Pennsylvania." *Decision and Order,*

*supra* at p.1.  This finding was absolutely in error, and contributed to

the District Court's inference that Figueroa was a medium-security

inmate, one whose security score was raised by prior violence, criminal history, history of escapes or disruptive behavior. *See generally* Bureau of Prisons P.S. 5100.08, *Inmate Security Designation and Custody Classification* (Sept. 12, 2006), at Chapters 5-6.

17. Given that one of the 18 U.S.C. § 3553(a) factors is the need to protect the public from further crimes of the defendant, granting compassionate release to a medium-security inmate could be problematic. *See* 18 U.S.C. § 3553(a)(2)(C). While the FCI McKean complex includes a medium-security facility, Figueroa was not there: instead, all of the record evidence shows that he was a minimum-security inmate with the right to be held in a facility without a fence and to work during the day beyond the perimeter of the camp.

18. The Supreme Court has held that

> [e]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of postsentencing rehabilitation may plainly be relevant to "the history and characteristics of the defendant." § 3553(a)(1). Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in § 3553(a)(2) -- in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed

educational or vocational training . . . or other correctional
treatment in the most effective manner." §§ 3553(a)(2)(B)-
(D); see [*United States v. McMannus*, 496 F.3d 846, 853 (8th
Cir. 2007)] (Melloy, J., concurring) ("In assessing . . .
deterrence, protection of the public, and rehabilitation, 18
U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no
better evidence than a defendant's post-incarceration
conduct"). Postsentencing rehabilitation may also critically
inform a sentencing judge's overarching duty under §
3553(a) to "impose a sentence sufficient, but not greater than
necessary" to comply with the sentencing purposes set forth
in § 3553(a)(2).

*Pepper v. United States*, 562 U.S. 476, 491-92 (2011). As well, this

Circuit has noted that "a court's duty is always to sentence the

defendant as he stands before the court on the day of sentencing".

*United States* v. *Bryson*, 229 F.3d 425, 426 (2d Cir., 2000). That being

the case, accurately apprehending that Figueroa is a minimum-security

inmate trusted by the BOP to work and live outside of a fenced

perimeter – rather than a medium-security inmate being held behind a

double fence and subject to heightened control measures.

19.    Equally erroneous, the District Court misstated the relief

that Figueroa sought. He did not ask that the District Court "reduce his

sentence to time served or release him to home confinement because of

family circumstances." *Decision and Order, supra* at p.1.  Rather, he

was consistent throughout his *Motion for Reduction* in his request that

the Court, "[a]s a condition of grant of this *Motion,* I request that the

Court increase my period of supervised release by about 45 months (the

amount of time to be excised from the sentence of incarceration), and

specify any conditions the Court considers to be appropriate." *Id.* as

p.1. One condition Figueroa asked the District Court to order was to

expand his term of supervised release for an amount of time equal to

the remaining time on his sentence of incarceration, and to order that

Figueroa serve that additional supervised release on home confinement.

*Id.* at pp. 19-20.[2]

---

[2]     Figueroa clearly stated in his *Motion for Reduction* at p.15, fn. 4, that
"[d]istrict courts lack the authority to *directly* modify the method of imprisonment
during a term of incarceration. *See e.g. United States v. Perez-Asencio,* Case No. 18-
CR-3611-H (S.D. Cal. Feb. 14, 2019) 2019 U.S. Dist. LEXIS 24430, at *7-8, 2019 WL
626175 ("§ 3582(c)(1)(B) only 'permits courts to modify an imposed term of
imprisonment, not the method of incarceration'"). But the Court can effect the same
result as designation of home confinement as part of the current sentence by
reducing my remaining sentence to time served, expanding the supervised release
term, and imposing a condition of home confinement on the expanded supervised
release term. Such an order is fully consistent with 18 U.S.C. § 3582(c)(1)(A)"
(citations omitted).

20.    Section 3582(c)(1)(A) directs that a court "may reduce the
term of imprisonment (*and may impose a term of probation or
supervised release with or without conditions that does not exceed the
unserved portion of the original term of imprisonment*), after considering
the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are
applicable" if extraordinary and compelling reasons for the reduction
exist. Such requests for conditional remedies in § 3582(c)(1)(A)(i)
motions is not uncommon: this Court has considered them itself. *See
United States v. Sledge*, 851 Fed.Appx 265, 266 n.5 (2d Cir. 2021) (this
Court notes that defendant moved the District Court to reduce his
sentence "so as to permit immediate placement on supervised release
conditioned on, inter alia, home confinement and self-quarantining at
his fiancé's West Haven residence").

21.    The statute clearly anticipates that a district court may
impose conditions that ameliorate concerns it may have about grant of
the motion adversely affecting the sentencing factors. Because the
District Court misinterpreted Figueroa's *Motion for Reduction* as asking
for something the court lacked the power to grant, that is, an order
directing the BOP to place Figueroa on home confinement, it never

considered the merits of what Figueroa *did* ask, that the District Court grant his motion while imposing a condition that would address concerns about just punishment, deterrence and protection of the public.

22.    This Court cannot review whether Figueroa was right about the mitigating effect of home confinement on supervised release, because *See, e.g., United States v. Giddens*, Case No. 20-3270 (2d Cir. Nov. 12, 2021), 2021 U.S. App. LEXIS 33590, at *6 (cites defendant's argument "that reducing his sentence to a term of supervised release with a condition of home confinement could adequately mitigate the court's concerns," noting that argument outweighed by other district court findings on § 3553(a) factors).

## II.    The District Court Erred by Not Weighing the § 3553(a) Factors Against the Conditions Sought in the Remedy

23.    When a district court considers a motion for reduction of sentence, it is obligated to "consider" the § 3553(a) sentencing factors. *See United States v. Jones*, Case No. 20-3698-cr (2d Cir. Nov. 16, 2021), 2021 U.S. App. LEXIS 33905, at *5-6, citing *United States v. Robinson*,

848 Fed.Appx 477, 478 (2d Cir. 2021) ("[A] district court must also consider 'the factors set forth in section 3553(a)' before granting relief").

24.     The weighing of such factors necessarily includes assessing them if the remedy sought by the defendant is granted, not if some alternative more liberal standard is granted. Home confinement as a condition of supervised release has been found by a number of courts to directly address the § 3553(a) factors.

25.     Courts have found that placement in home confinement for a portion of a prisoner's term of supervised release provides protection to the public and otherwise serve the 18 U.S.C. § 3553 sentencing factors. In *United States v. Sawicz*, Case No. 08-cr-287 (E.D.N.Y. Apr. 10, 2020), 2020 U.S. Dist. LEXIS 64418, at *9, the district court found that a defendant's home confinement upon grant of compassionate release would protect the public. In *United States v. Gardner*, Case No. 14-CR-20735-001 (E.D. Mich. July 22, 2020), 2020 U.S. Dist. LEXIS 129160, at *24, the district court held that imposition of a term of home confinement as a condition of supervised release would "afford an additional protection to the public." *See also United States v. Hoover*, Case No. 5:16-cr-58 (D.Vt. May 18, 2020), 2020 U.S. Dist. LEXIS

126763, at *6-7 ("There is reason for optimism that under supervision, Mr. Hoover will remain on the right side of the law"); *United States v. Pomante*, Case No. 19-20316 (E.D. Mich. May 15, 2020), 2020 U.S. Dist. LEXIS 85626, at *21-23 ("The Court also agrees that proper safeguards would ensure that Defendant continues to serve his term to completion and comply with Court guidelines. The Court reduces Defendant's term of imprisonment portion of his sentence to time served, and the Court imposes a term of supervised release equal to the unserved portion of his original term of imprisonment"); *United States v. Burnside*, Case No. 18-CR-2068, 2020 U.S. Dist. LEXIS 112708, at *30-32 (N.D. Iowa June 18, 2020) ("[T]he continued restrictions imposed on [defendant] through home confinement and supervised release, together, satisfy the goal of imposing sufficient punishment. Releasing Defendant under these circumstances would not undermine the goal of deterrence").

26.     Other district courts have acknowledged that "release to home incarceration... reflect[s] the seriousness of the offenses, promote[s] respect for the law, and provide[s] just punishment for the defendant's crimes." *United States v. White*, Case No. 2:17-cr-00198-4

(S.D.W.Va. June 12, 2020), 2020 U.S. Dist. LEXIS 103974, at *16 *citing*

*United States v. Campagna*, Case No. 16cr78-01 (S.D.N.Y. Mar. 27,

2020), 2020 U.S. Dist. LEXIS 54401, at *1, 9).  One court observed that

"[i]n some respects, home confinement will result in less freedom of

movement than [the defendant] would have in a prison environment

that offers large recreational areas and educational opportunities."

*United States v. Young*, Case No. CR19-5055 (W.D. Wash. May 22,

2020), 2020 U.S. Dist. LEXIS 90537, at *11. *See also United States v.*

*Springer*, Case No. 20-5000 (10th Cir. July 15, 2020), 2020 U.S. App.

LEXIS 21947, at *3-4 (defendant's "transfer to home confinement is not

a release from imprisonment, nor does this transfer reduce the length of

his custodial sentence… [E]ven though a prisoner is… in home

confinement, he is still serving a 'term of imprisonment.' When read

together, [18 U.S.C. §§ 3621 and 3624(c)] plainly indicate that a person

is in the BOP'S 'custody' while serving the remainder of a sentence in

home confinement" (internal citation omitted).

27.    Several district courts have treated home confinement as a

substitute for imprisonment that vindicates § 3553(a). In *United States*

*v. Somerville*, Case No. 2:12-CR-225-NR (W.D. Pa. May 29, 2020), 2020

U.S. Dist. LEXIS 93935, at *40-43, the Court ruled that where a time-served sentence would not sufficiently account for the seriousness of his offense, "converting roughly the remainder of his prison time to a period of probation with home confinement" would be "appropriate and the kind of sentence that is available under the Guidelines." The court said that while it was "modifying Mr. Somerville's sentence to a term of probation, he will be under strict home confinement and subject to his original, five-year term of supervised release thereafter. Even under this new sentence, Mr. Somerville has a long way to go before he will be permitted to fully re-integrate into society, and he will be subject to this Court's supervision until that time." *Id.* *See also United States v. Seggebruch*, Case No. 15-cr-20034 (C.D. Ill. May 15, 2020), 2020 U.S. Dist. LEXIS 90781, at *19-21 ("By relegating himself to home confinement and supervision through the remainder of his unserved term of imprisonment, Defendant's sentence will still reflect the seriousness of the offense. Placing Defendant on home confinement and careful supervision will promote respect for the law while also providing just punishment for the offense").

28.   It is error for a district court to ignore the movant's own request for a condition, imposition of which is material to a fair consideration of the § 3553(a) factors.

## CONCLUSION

29.   The District Court abused his discretion in assuming as facts matters that were clearly erroneous and in failing to properly assess the § 3553(a) sentencing factors in light of the restricted sentence reduction that Figueroa sought.

WHEREFORE, Defendant-Appellant's appeal should be granted, the District Court's denial of his *Motion for Reduction* set aside, and the matter remanded to the District Court. The statements of fact made herein are true, under penalty of perjury.

Executed:  March 18, 2022

Felix Figueroa
Reg. No. 12053-055
FCI McKean
P.O. Box 8000
Bradford, PA  16701

*– Brief, Page 23 –*

# CERTIFICATE OF COMPLIANCE

I herewith certify, in compliance with F.R.App.P. 32(a)(7)(C) that the foregoing *Brief* of Defendant-Appellant:

(1) complies with the type-volume limitation of F.R.App.P. 32(a)(7)(B) because this *Brief* contains 5,561 words, excluding the parts of the *Brief* exempted by F.R.App.P. 32(a)(7)(B)(iii); and

(2) complies with the typeface requirement of F.R.App.P. 32(a)(5) and the type style requirement of F.R.App.P. 32(a)(6) because this *Brief* has been prepared on a proportionally spaced typeface using Microsoft Word, version 16.51, in 14-point font size using Century Schoolbook type style.

Executed March 18, 2022

Felix Figueroa

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

United States of America

### CERTIFICATE OF SERVICE*

Docket Number: 21-1336

v.

Felix Figueroa

I, Felix Figueroa , hereby certify under penalty of perjury that
(print name)

on March 21, 2022 , I served a copy of Brief
(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery     X  United States Mail     ___ Federal Express or other
                                                         Overnight Courier

___ Commercial Carrier     ___ E-Mail (on consent)

on the following parties:

| Tiffany H. Lee, AUSA | 100 State Street | Rochester | NY | 14614 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

March 21, 2022

Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

United States of America
_____

                        **CERTIFICATE OF SERVICE***

        v.              Docket Number: 21-1336
                                      _____

Felix Figueroa
_____

I, Felix Figueroa _____, hereby certify under penalty of perjury that
           (print name)

on  May 31, 2022 _____, I served a copy of  Motion to Recall Mandate, Petition
      (date)

for Rehearing, and Brief _____

                            (list all documents)

by (select all applicable)**

___ Personal Delivery     <u>X</u>  United States Mail     ___ Federal Express or other
                                                         Overnight Courier

___ Commercial Carrier    ___ E-Mail (on consent)

on the following parties:

| Tiffany H. Lee, AUSA | 100 State Street | Rochester | NY | 14614 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

May 31, 2022
_____                                     
      Today's Date                                  Signature

Certificate of Service Form (Last Revised 12/2015)




PRESS FIR




U.S. POSTAGE PAID
PME 1-Day
NORWALK, OH
44857
JUN 01, 22
AMOUNT
**$26.95**
R2305M148404-03

1007          10007

Office of the Clerk
U.S. Court of Appeals
for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, NY 10007

Felix Figueroa
Reg. No. 12053-055
FCI McKean
P.O. Box 8000
Bradford, PA 16701

scan the QR code.



USPS.COM/PICKUP



PS10001000006



## UNITED STATES POSTAL SERVICE®

### PRIORITY MAIL EXPRESS®

EI 372 028 409 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)          PHONE ( )

*Felix Figueroa # 12053-055*
*FCI McKean*
*P.O. Box 8000*
*Bradford, PA 16701*

**PAYMENT BY ACCOUNT (if applicable)**

USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |

PO ZIP Code: *44857*   Scheduled Delivery Date (MM/DD/YY): *6/2/22*   Postage: $ *26.95*

Date Accepted (MM/DD/YY): *6/1/22*   Scheduled Delivery Time: ☐ 6:00 PM   Insurance Fee: $   COD Fee: $

Time Accepted: *4:48* ☐ AM ☐ PM   Return Receipt Fee: $   Live Animal Transportation Fee: $

Special Handling/Fragile: $   Sunday/Holiday Premium Fee: $   Total Postage & Fees: *26.95*

Weight: *0.00* lbs. oz. ☐ Flat Rate   Acceptance Employee Initials: *XC*

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)          PHONE ( )

*CLERK, U.S. Court of Appeals, 2nd*
*Circuit*
*Thurgood Marshall U.S. Courthouse*
*40 Foley Square*
*New York, NY*
ZIP + 4® (U.S. ADDRESSES ONLY)   *10007-*

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature

Delivery Attempt (MM/DD/YY) | Time | ☐ AM ☐ PM | Employee Signature

LABEL 11-B, MAY 2021          PSN 7690-02-000-9996

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

◄ **PEEL FROM THIS CORNER**

EP13F May 2020




**UNITED STATES**