# 21-1336-cr

## In the United States Court of Appeals
## for the Second Circuit

United States of America,

Appellee,

v.

Felix Figueroa,

Defendant-Appellant.

On Appeal from the United States District Court
For the Western District of New York

## BRIEF FOR APPELLEE
## UNITED STATES OF AMERICA

TRINI E. ROSS
United States Attorney
*Attorney for Appellee*
United States Attorney's Office
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5838

CHARLES M. KRULY
Assistant United States Attorney
*of Counsel*

# TABLE OF CONTENTS

Page No.

STATEMENT OF JURISDICTION...............................................................1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW....................2

COMBINED STATEMENT OF THE CASE AND FACTS.........................2

    A.    Background ........................................................................2

    B.    Motion for Sentence Reduction ..........................................4

SUMMARY OF THE ARGUMENT ..........................................................7

ARGUMENT.............................................................................................8

    The District Court Did Not Abuse Its Discretion When It Denied
    Figueroa's Motion for a Sentence Reduction Because the 18 U.S.C.
    § 3553(a) Factors Weighed Against a Reduction.......................................8

    A.    Governing law and standard of review .............................8

    B.    Discussion ...................................................................... 10

CONCLUSION ....................................................................................... 19

Certificate of Compliance .................................................... Attached

Certificate of Service ......................................................... Attached

# TABLE OF AUTHORITIES

*Cases*

*United States v. Amato*, 37 F. 4th 58 (2d Cir. 2022) ..................................... 9, 16

*United States v. Borden*, 564 F.3d 100 (2d Cir. 2009) ................................... 9, 11

*United States v. Chambliss*, 948 F.3d 691 (5th Cir. 2020) ................................ 10

*United States v. Halvon*, 26 F.4th 566 (2d Cir. 2022) ....................................... 16

*United States v. Holloway*, 956 F.3d 660 (2d Cir. 2020) .................................... 8

*United States v. Jones*, 17 F.4th 371 (2d Cir. 2021) .......................................... 10

*United States v. Keitt*, 21 F.4th 67 (2d Cir. 2021) ............................. 9, 10, 13, 16

*United States v. Madoff*, 465 F. Supp. 3d 343 (S.D.N.Y. 2020) ........................ 14

*United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020) .................................. 12

*United States v. Roney*, 833 F. App'x 850 (2d Cir. 2020) ............................10, 12

*United States v. Rosa*, 957 F.3d 113 (2d Cir. 2020) .......................................... 13

*United States v. Verkhoglyad*, 516 F.3d 122 (2d Cir. 2008) .............................. 16

*Statutes*

18 U.S.C. § 3231 ................................................................................................ 1

18 U.S.C. § 3553(a) ................................................................................. *passim*

18 U.S.C. § 3582(c) ........................................................................................... 9

18 U.S.C. § 3582(c)(1)(A) ......................................................................... *passim*

21 U.S. C. § 841(b)(1)(B) ................................................................................. 3

21 U.S.C. § 841(a)(1) ................................................................................1, 2, 3

i

21 U.S.C. § 841(b)(1)(B) ............................................................... 3

21 U.S.C. § 846 ............................................................................ 2

21 U.S.C. § 851 ............................................................................ 3

28 U.S.C. § 1291 .......................................................................... 1

*Rules*

Fed. R. App. P. 4(b)(A)(i) ........................................................... 1

Fed. R. Crim. P. 11(c)(1)(C) .................................................... 3, 4

## STATEMENT OF JURISDICTION

The district court (Geraci, J.) had jurisdiction of this case pursuant to 18 U.S.C. § 3231 by reason of an Information charging Defendant-Appellant Felix Figueroa with possessing with intent to distribute, and distributing, 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1). Figueroa waived indictment and entered a guilty plea pursuant to a plea agreement. (GA 8.) The district court imposed a sentence of 96 months' imprisonment, to be followed by four years' supervised release, and entered its written Judgment on January 27, 2020. (GA 34.) Figueroa did not file an appeal.

On March 11, 2021, Figueroa filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court denied Figueroa's motion on May 5, 2021. Figueroa filed a timely *pro se* notice of appeal (GA 125).[1] This Court dismissed Figueroa's appeal because of a briefing default but later granted his motion to recall the mandate and reinstate his appeal. (Doc. 56.) This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1] The district court denied Figueroa's motion for a sentence reduction on May 5, 2021. As a result, Figueroa's notice of appeal was due on or before May 19, 2021. *See* FED. R. APP. P. 4(b)(A)(i). The district court clerk docketed Figueroa's notice of appeal on May 20, 2021. Figueroa's notice of appeal, however, was timely filed pursuant to Federal Rule of Appellate Procedure 4(c)(A). *See* GA 126 - 127.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether the district court abused its discretion when it denied Figueroa's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## COMBINED STATEMENT OF THE CASE AND FACTS

**A.    Background**

On five separate occasions between August and December 2017—when he was on parole for a 2009 firearm conviction—Figueroa sold cocaine and heroin to an undercover police officer and a confidential source. (GA 10-11.) Those sales led to a search of Figueroa's home in January 2018. During the search, law enforcement found, among other things, roughly 94 grams of fentanyl; 199 bags of suspected heroin; more than 150 decks of heroin; more than 500 bags of cocaine; and drug distribution tools, such as a scale, baggies, and cutting agent. (*Id.*)

Figueroa was charged by criminal complaint with distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. (GA 1.) He later waived indictment and pleaded guilty to a one-count information charging him with possessing with intent to

distribute, and distributing, 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B).

As part of his plea agreement, Figueroa admitted that he possessed and sold substantial amounts of fentanyl, cocaine, and heroin. He also admitted that he was an "organizer, leader, manager, or supervisor in that, among other things, he established the price of controlled substances for sale, used others to distribute controlled substances on his behalf, and controlled the quality of the controlled substances by determining how much 'cut' was added to the product." (GA 11.)

In the plea agreement, the parties agreed that Figueroa's Criminal History Category was IV and that his offense level was 25, resulting in a Sentencing Guidelines range of 84 to 105 months' imprisonment. (GA 13.) The parties also agreed, pursuant to FED. R. CRIM. P. 11(c)(1)(C), that Figueroa should be sentenced to 96 months' imprisonment. (*Id.*) Finally, the government agreed not to file an information pursuant to 21 U.S.C. § 851. In light of Figueroa's prior federal felony narcotics conviction, filing such an information would have subjected Figueroa to a 10-year mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). (GA 8.)

3

At sentencing, the district court accepted the parties' Rule 11(c)(1)(C) agreement and sentenced Figueroa to 96 months' imprisonment. To support its decision, the district court emphasized the "serious, serious" nature of Figueroa's crime, noting the effect that fentanyl has had on the community. (GA 26.) And the district court expressed "skeptic[ism]" (*id.*) that Figueroa would reform himself, given his 2004 federal conviction for distributing cocaine and a 2009 firearm conviction. (*Id.*) The court noted, however, that it "hop[ed] [it was] wrong," and it emphasized the need for Figueroa to obtain his GED and take advantage of programming available in the Bureau of Prisons. (GA 26, 31-32.) Figueroa did not appeal his conviction or sentence.

## B.  Motion for Sentence Reduction

On March 11, 2021, Figueroa filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Figueroa argued that "extraordinary and compelling circumstances" justified his release because his wife suffered from a number of health issues that "have resulted in [her] . . . being effectively an invalid." (GA 41.) Specifically, Figueroa argued that his wife's conditions— which included plans for multiple joint replacements (GA 46)—required that he be "at home to serve as caretaker" for his four children. (GA 41.) Pointing to the significant efforts he had made to better himself in prison, Figueroa argued that

4

the 18 U.S.C. § 3553(a) factors would "not be disserved by resentencing [him] to time served, with the addition of the protective condition that [he] serve . . . the remainder of [his] sentenced term and supervised release . . . on home confinement." (*Id.*)

The government opposed, arguing that Figueroa had failed to show that "extraordinary and compelling reasons" justified his release. (GA 111.) The government noted that although it was "sympathetic to the struggles [Figueroa's] wife and children are experiencing," his wife "appear[ed]" to be "getting the proper medical care." (GA 112.) The government also argued that Figueroa's separation from his wife and children—while "no[] doubt . . . difficult"—was not "extraordinary and compelling," because "many imprisoned defendants [likely] have a wife and children who might benefit in some way from their presence at home." (*Id.*) The government also observed that Figueroa had not shown that "there are no other family members available to serve as caregiver." (*Id.*) Finally, the government argued that the § 3553(a) factors weighed against a sentence reduction, and it noted that the district court had "no authority to direct BOP to place a defendant on home confinement." (GA 115.)

The district court denied Figueroa's motion for a sentence reduction. At the outset, the district court acknowledged that it was being asked to "reduce Figueroa's sentence to time served or release him to home confinement." (GA 119.) The district court then recited the applicable law and noted that its "task . . . [was] not to second guess or to reconsider whether the original sentence was just." (GA 121.) Rather, the district court noted, its job was to decide whether "the original Section 3553(a) factors outweigh the extraordinary and compelling reasons justifying compassionate release, and, in particular, whether compassionate release would undermine the goals of the original sentence." (*Id.*)

The district court assumed that Figueroa had presented "extraordinary and compelling" reasons justifying his release, and it expressed "sympath[y]" for Figueroa's circumstances. The district court also noted its "admir[ation]" that Figueroa had sought to better himself in prison, commenting that Figueroa had taken "the [district court's] statements at sentencing to heart." (GA 122-23.) Even with that, however, the district court concluded that Figueroa "ha[d] not provided reasons for his release that outweigh the factors that supported and continue to support [his] original sentence." (GA 122.)

6

In reaching this conclusion, the district court reiterated what it had said at sentencing: Figueroa had committed "a very serious" crime by selling a drug that has had a "deleterious impact to the community." (GA 123.) On top of that, the district noted, Figueroa "has a significant criminal record and, at the time of the offense" in this case, "was on parole supervision for a weapons violation." (*Id.*) The district court then observed that Figueroa "still has over three years remaining on his sentence," and it concluded that a sentence reduction would "would undermine the need for his sentence" to comply with many of the § 3553(a) factors—namely, the need for his sentence to "reflect the seriousness of the offense," to "promote respect for the law," to "provide just punishment," to provide "adequate deterrence," and to "avoid unwarranted disparities." (*Id.*)

## SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion when it denied Figueroa's motion for a sentence reduction. The district court assumed that Figueroa had presented "extraordinary and compelling reasons" for release, but it concluded that the § 3553(a) factors did not warrant a sentence reduction given the nature of Figueroa's crime and his criminal history. In light of Figueroa's criminal history and underlying crime, as well as the fact that he had served served less

than half of his sentence, the district court's assessment of the § 3553(a) factors was a sound exercise of discretion.

The district court's misstatement about Figueroa's security classification in the Bureau of Prisons does not undermine this conclusion. Nothing in the district court's decision suggests that the district court denied Figueroa's motion because it perceived Figueroa to be dangerous; to the contrary, the district court did not identify public protection as one of the § 3553(a) factors it considered when denying Figueroa's motion.

Finally, Figueroa has not shown that the district court misunderstood its statutory authority to increase Figueroa's term of supervised release and require him to serve that term on home confinement.

## ARGUMENT

**The District Court Did Not Abuse Its Discretion When It Denied Figueroa's Motion for a Sentence Reduction Because the 18 U.S.C. § 3553(a) Factors Weighed Against a Reduction.**

### A.    Governing law and standard of review

This Court reviews the denial of a defendant's motion for a discretionary sentence reduction for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). A district court "has broad discretion in considering a motion a sentence reduction," *United States v. Amato*, 37 F. 4th 58, 61 (2d Cir.

8

2022), and abuses that discretion only when it has "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decision." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (quotation marks omitted).

Except in certain limited circumstances, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions—the so-called "compassionate release" statute—permits a court to "reduce [a] term of imprisonment" in certain circumstances. 18 U.S.C. § 3582(c)(1)(A). Specifically, the statute provides that a district court

> [M]ay reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). In other words, "the inmate must demonstrate that his proffered circumstances are indeed 'extraordinary and compelling' such that, in light of the[] § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).

9

"[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not also determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Id.* at 69. A district court's "reasonable evaluation of the [§] 3553(a) factors" is therefore "an alternative and independent basis for denial of compassionate release." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quotation marks omitted). A defendant "'may disagree with how the district court balanced the [§] 3553(a) factors, but that is not a sufficient ground' for finding an abuse of discretion." *United States v. Roney*, 833 F. App'x 850, 853 (2d Cir. 2020) (Summary Order) (quoting *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)) (cleaned up).[2]

## B.  Discussion

The district court did not abuse its discretion in denying Figueroa's motion for a sentence reduction. The district court identified and applied the correct legal standard and made a reasoned decision that reducing Figueroa's sentence by more than 50% would be inconsistent with many of the § 3553(a)

---

[2] The government has provided Figueora with copies of all unpublished decisions cited in this brief.

factors. The district court commended Figueroa's efforts to better himself and care for his family, but it appropriately balanced those facts against the reality that Figueroa had pleaded guilty to a "very . . . serious charge" of distributing a dangerous drug while on parole. (GA 123.) The district court also observed that Figueroa's "significant criminal history"—which included a prior federal narcotics conviction and a firearm conviction—counseled against a sentence reduction. (*Id.*) The district court weighed these factors and concluded that "[a] reduction of [Figueroa's] sentence in these circumstances would undermine" several § 3553(a) factors—namely, the "need for his sentence 'to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." (*Id.*) (quotation marks and ellipsis omitted) (quoting 18 U.S.C. § 3553(a)(2)(A) – (B), (a)(6)).

The district court's assessment of the § 3553(a) factors fits within "the range of permissible decision." *Borden*, 564 F.3d at 104. At the time of his sentencing, Figueroa had already been convicted of two prior felonies. And he had committed this crime while on parole. Finally, Figueroa committed a serious crime that, but for a plea agreement, would have carried a mandatory-

11

minimum sentence of ten years. The district court exercised reasonable discretion in concluding that these facts weighed against a sentence reduction.

This is particularly true given that Figueroa had served less than half of his sentence. Granting Figueroa's motion would have meant that his current sentence—which resulted from his third felony conviction—would effectively be 39 months' imprisonment, or just marginally longer than the 37-month sentence he received for his *first* federal narcotics conviction.[3] (GA 4.) Under these circumstances, the district court's conclusion that Figueroa needed to serve the remainder of his sentence was reasonable. *See Roney*, 833 F. App'x at 854 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in the sentence may inform whether immediate release would be consistent with those factors.") (quoting *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020)) (cleaned up). In short, because the district court explained its reasoning, considered Figueroa's individual circumstances, and relied on the § 3553(a) factors, this Court should affirm the decision. *See id.* at 854 (noting that an "individualized determination is all § 3553(a) demands" when considering a compassionate release motion).

[3] Figueroa was arrested on January 29, 2018, and was detained following his arrest. The district court denied his motion for a sentence reduction on May 5, 2021.

Figueroa's primary response is that the district court did not expressly address whether home confinement would have also served the § 3553(a) factors. (Figueroa Br. at 25 – 30.) The district court did not compare and contrast home detention and imprisonment, but the district court acknowledged from the outset that Figueroa sought to be placed on home confinement. (GA 107) (noting that Figueroa sought an order "reduc[ing] Figueroa's sentence to time served or release[ing] him to home confinement"). Nothing in the district court's decision suggests that it considered imprisonment or unsupervised release as its only options. Instead, the district court's decision shows that it read and considered Figueroa's motion, which, as he notes, repeatedly requested home confinement as a condition of supervised release. The fact that the district court did not expressly contrast home confinement with imprisonment in weighing the § 3553(a) factors is not grounds to find that the district court abused its discretion. *See Keitt*, 21 F.4th at 72 ("[W]e cannot fault the district court for failing to recite all of the facts that [the defendant] had discussed in his motion. We have never required a district court to 'address every argument the defendant has made or discuss every § 3553(a) factor individually.'") (quoting *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020)).

13

Figueroa's next argues that the district court made a clearly erroneous factual finding when it observed that he is "currently incarcerated at FCI McKean, a *medium-security* federal correctional institution." (GA 119.) (emphasis added). Figueroa does not contest that he is incarcerated at FCI McKean. Figueroa instead puts stock in the fact that the district court failed to appreciate that Figueroa is incarcerated in a low-security camp that is annexed to FCI McKean. As an initial matter, Figueroa's motion contained no evidence (other than his self-serving claim) to support this fact. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) ("[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release after considering the Section 3553(a) factors.") (cleaned up); *United States v. Madoff*, 465 F. Supp. 3d 343, 349 (S.D.N.Y. 2020) (Chin, C.J.) ("On a motion for compassionate release, the defendant bears the burden of showing that a reduction is warranted."). The district court can therefore hardly be said to have erred (much less clearly erred) in failing to appreciate this unsupported and subtle factual distinction.[4]

---

[4] Figueroa claims that he "provided a custody classification form issued by the BOP that showed his security level to be minimum." (Figueroa Br. at 13.) His motion, however, as well as the many exhibits he submitted, does not include this form. (GA 41-106.)

14

But more to the point, Figueroa does not explain why the district court's fleeting misstatement matters. This is unsurprising, because of the five different § 3553(a) factors the district court considered in denying Figueroa's motion, none concerned the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). *See* GA 123. Figueroa's argument is therefore misplaced. He argues that the district court improperly assumed that his "security score was raised by prior violence, criminal history, history of escapes or disruptive behavior." (Figueroa Br. at 21.) *See also id.* (noting that "one of the 18 U.S.C. § 3553(a) factors is the need to protect the public from further crimes of the defendant" and that "granting compassionate release to a medium-security inmate could be problematic"). But the district court simply did not consider Figueroa's dangerousness, and it put no weight into how the Bureau of Prisons had classified Figueroa's security risk. Indeed, the district court's decision never suggested that Figueroa is a dangerous person whose continued imprisonment is necessary to protect society.

15

The district court instead relied on the need for its original sentence to "reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to afford adequate deterrence to criminal conduct," and to avoid unwarranted sentencing disparities. (GA 123.) The district court's decision to give significant weight to these § 3553(a) factors—and to disregard the need to protect the public—is comfortably supported by the record. Both at sentencing and in denying Figueroa's motion, the district court put substantial weight in the fact that Figueroa had pleaded guilty to distributing fentanyl, whose "deleterious impact to the community has been widely documented," (*id.*), as well as Figueroa's "significant criminal record." (*Id.*) The weight the district court assigned to particular § 3553(a) factors was not an abuse of discretion. *See Keitt*, 21 F.4th 67 (citing *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008)); *Amato*, 37 F.4th at 62 ("[T]his court cannot require 'that a particular factor be given determinative or dispositive weight.'") (quoting *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022) (per curiam)).

16

Finally, Figueroa claims that the district court "misstated the relief that [he] sought," because the district court stated that Figueroa sought a "reduction [of] his sentence to time served or release him to home confinement because of family circumstances." (GA 107.) Figueroa argues that this was incorrect, because he sought an order "increas[ing] his period of supervised release by about 45 months (the amount of time to be excised from the sentence of incarceration), and specif[ing] any conditions the [district court] considers to be appropriate." (Figueroa Br. at 16.) This semantic distinction is not a basis for reversing the district court's order.

Read as a whole, the district court's decision shows that the district court understood—consistent with its statutory authority—that Figueroa did *not* seek an order directing BOP to place him on home confinement; rather the district court recognized that Figueroa sought an order releasing him from prison; requiring him to serve an additional term of supervised release; and placing Figueroa on home confinement during that period.

This is exactly what the compassionate release statute allows a district court to do. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing a district court to "reduce the term of imprisonment (and . . . impose a term of . . . supervised release . . . that does not exceed the unserved portion of the original term of

17

imprisonment"). Nothing in the district court's decision suggests that it misunderstood its statutory authority, and nothing in the decision suggests that its prefatory reference to "home confinement" was inconsistent with that authority. Indeed, a footnote at the end of the district court's decision noted that, "[*t*]*o the extent* [Figueroa] requests" it, the district court lacked the "authority to designate a prisoner's place of confinement." (GA 124) (emphasis added). There would be no reason for the district court to make this observation if it district court believed, as Figueroa argues, that Figueroa sought "an order directing BOP to place [him] on home confinement." (Figueroa Br. at 17.) If the district court understood Figueroa to be making such a request, it would not have needed to spend several pages analyzing Figueroa's motion in light of § 3582(c)(1)(A) and the § 3553(a) factors. In other words, the district court understood that Figueroa's primary request was that his term of supervised release be increased, and that it include a condition of home confinement.

18

**CONCLUSION**

For the foregoing reasons, this Court should affirm the district court's decision and order denying Figueroa's motion for compassionate release.

Dated: September 9, 2022, Buffalo, New York.

Respectfully submitted,

TRINI E. ROSS
UNITED STATES ATTORNEY
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

By:     *s/ Charles M. Kruly*
CHARLES M. KRULY
Assistant United States Attorney
    *Of counsel*

CERTIFICATE OF COMPLIANCE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

                Appellee,                  CA # 21-1336-cr

  -v-

FELIX FIGUEORA,

                Defendant-Appellant.

_____

I, Charles M. Kruly, Assistant United States Attorney for the Western District of New York, hereby certify that the foregoing brief complies with this Court's Local Rule 32.1(a)(4)(A) 14,000 word limitation in that the brief is calculated by the word processing program to contain approximately 3,770 words, exclusive of the Table of Contents, Table of Authorities and Addendum of Statutes and Rules.

                                  *s/ Charles M. Kruly*
                                  CHARLES M. KRULY
                                  Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

                Appellee,                   CA # 21-1336-cr

   -v-

FELIX FIGUEORA,

                Defendant-Appellant.

_____

        I certify that on September 9, 2022, I filed a copy of the foregoing on the

Clerk of the Second Circuit Court of Appeals via CM/ECF. I further certify that

Defendant-Appellant will be served by first class mail to:

      Felix Figueroa, Reg. No. 12053-055
      FCI McKean
      P.O. Box 8000
      Bradford, Pennsylvania 16701
      **Legal Mail**

                                *s/ Charles M. Kruly*
                                Charles M. Kruly
                                Assistant U.S. Attorney